UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES H. BUIE,

           Petitioner,

v.                                                        Case Number 07-10921-BC
                                                          Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF
CORRECTIONS and THOMAS BIRKETT,

           Respondents.
_____/

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS,
DENYING PETITION FOR WRIT OF HABEAS CORPUS,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

      Petitioner James H. Buie, presently confined at Standish Maximum Correctional Facility in Standish, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Kalamazoo County, Michigan of assault with intent to rob while armed and sentenced to ten to thirty years in prison. He alleges that (1) an impermissibly suggestive show-up tainted the subsequent identification, (2) the proofs failed to establish the elements of force and violence, and (3) statements made at the line-up were withheld from defense counsel. Respondent has moved to dismiss the habeas petition on the ground that Petitioner failed to comply with the statute of limitations. The Court agrees. Therefore, Respondent's motion to dismiss will be granted, and the habeas petition must be dismissed with prejudice.

I.

      On June 12, 1986, a Kalamazoo County Circuit Court jury found Petitioner guilty of assault with intent to rob while armed, MICH COMP. LAWS 750.89. On September 29, 1986, the trial court sentenced Petitioner as a habitual offender to imprisonment for ten to thirty years. The Michigan

Court of Appeals affirmed Petitioner's conviction in an unpublished decision, *see People v. Buie*, No. 96659 (Mich. Ct. App. Jan. 20, 1989)[1], and on May 9, 1990, the Michigan Supreme Court denied leave to appeal. *See People v. Buie*, No. 85314 (Mich. May 9, 1990).[2]

Petitioner appears to have signed and dated his habeas corpus petition on February 1, 2007.[3] The petition challenges pretrial identification procedures and the trial court's denial of Petitioner's motions for a directed verdict of acquittal and for a mistrial. Respondent claims in its motion to dismiss the habeas petition that the petition is time-barred.

II.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), established a one-year period of limitations for filing habeas corpus petitions that challenge a state court judgment. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Judge Michael F. Sapala filed a dissenting opinion in which he stated that the trial court abused its discretion in concluding that the prosecution had established an independent basis for the in-court identification.

[2] Justice Dennis W. Archer voted to grant leave to appeal.

[3] The Clerk of Court filed the pleading on March 2, 2007.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (effective April 24, 1996).

Petitioner's conviction became final, under § 2244(d)(1)(A), ninety days after the Michigan Supreme Court denied leave to appeal in 1990. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); Sup. Ct. R. 13. Because his conviction became final before the AEDPA was enacted on April 24, 1996, he had one year from then, or until April 24, 1997, to file his habeas petition. *Ross v. Berghuis*, 417 F.3d 552, 554 (6th Cir. 2005) (citing *Griffin v. Rogers*, 399 F.3d 626, 631-32 (6th Cir. 2005)). Petitioner filed his habeas petition almost ten years later in the early part of 2007. Therefore, his pleading is time-barred, absent tolling.

B.

Petitioner does not deny that his habeas petition was filed untimely. Instead, he seeks to excuse the late filing on the grounds that (1) he was transferred to several different prisons within a year of his incarceration, (2) he lacked money for an appellate attorney, (3) he knew nothing of the law and was not made aware of his other options or remedies, and (4) he was not informed of the Michigan Supreme Court's decision until 1998.

Equitable tolling applies to the one-year limitations period for habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). Yet to qualify for equitable tolling, a prisoner must show that he pursued his rights diligently and that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). When determining whether to equitably toll the limitations period, courts in this circuit ordinarily must consider and balance the factors set out in *Andrews v. Orr*, 581 F.2d 146 (6th Cir. 1988). *Dunlap*, 250 F.3d at 1009. The *Andrews* factors are:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews*, 851 F.2d at 151.

The absence of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Here, Petitioner has not demonstrated that he was diligent in pursuing his rights. Although he pursued a direct appeal, he apparently pursued no other remedies before filing his habeas petition. Petitioner claims to have been ignorant of the law and unaware of his legal options, but "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

Petitioner also claims that he was transferred several times within his first year of incarceration. The institutional transfers had no impact on the limitations period because the limitations period did not begin to run until April 24, 1996, well after Petitioner's first year of incarceration and after the conclusion of the direct appeal.

Nor does it appear that the alleged lack of funds for an appellate attorney contributed to the untimely habeas petition. Petitioner raised his habeas claims on direct appeal where he was represented by counsel, and he was able to file his habeas petition without the assistance of counsel.

As a final basis for equitable tolling, Petitioner asserts that he was not aware of the state supreme court's decision until 1998. A petitioner who demonstrates that he did not receive a copy of a state court's order and thus lacked knowledge of the state court's decision may be entitled to equitable tolling of the limitations period. *Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir. 2002). However, even if the Court tolled the limitations period until 1998, Petitioner waited more than

eight years after 1998 to file his habeas corpus petition. Thus, late receipt of the state court order is not a basis for equitable tolling.

III.

Petitioner has not complied with the one-year statute of limitations. His alleged ignorance of the filing requirement is not reasonable, given the extended period of idleness, *Cook v. Stegall*, 295 F.3d 517, 522 (6th Cir. 2002), as is the fact that he apparently took no steps to enhance his knowledge of the law. *Cf. Solomon v. United States*, 467 F.3d 928, 934 (6th Cir. 2006). Equitable tolling is not appropriate under the facts alleged here.

Accordingly, it is **ORDERED** that Respondents' motion to dismiss [dkt #7] is **GRANTED** and that the habeas petition [dkt #1] is **DISMISSED WITH PREJUDICE**. The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 11, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 11, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS